UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ )
RAJU A.T. DAHLSTROM, *et al.*, )
                                             ) Case No. C98-0890L
                      Plaintiffs, )
           v. )
                                           ) ORDER DENYING PLAINTIFF'S
STATE OF WASHINGTON, *et al.*, ) MOTION FOR ACCESS
                      Defendants. )
_____ )

       This matter comes before the Court on "Plaintiffs' Motion for Access to the Videotaped and Transcribed Deposition of Margaret Delores McDonald."[1]  Having reviewed the memoranda and exhibits submitted by the parties, including plaintiff Raju A.T. Dahlstrom's response to the Court's order sealing certain documents, the Court finds as follows:

       1. Whether certain documents filed in a case pending before the Honorable Marsha J. Pechman, C03-3667P, should be sealed or otherwise expunged from the record is not a matter properly before this Court.

       2. Judgment in the above-captioned matter was entered on May 31, 2000, and the mandate from the Ninth Circuit resolving plaintiff's appeal was issued on July 16, 2001.  The

---

     [1] Plaintiff Raju A.T. Dahlstrom is representing himself pro se and cannot file papers on behalf of the other named plaintiff, Rosalba Mayorga.

ORDER DENYING PLAINTIFF'S
MOTION FOR ACCESS

order from which plaintiff seeks relief was entered on March 30, 1999, almost six years before plaintiff filed his current motion. Even if the timeliness of plaintiff's motion is measured from the date on which defendants filed objectionable material in cause number C03-3667P, plaintiff waited almost six months to bring this matter to the attention of either Judge Pechman or the undersigned. Plaintiff's motion is untimely and is denied on that basis.

      3. Assuming plaintiff's motion for access were timely filed, the request would still be denied on the merits. Plaintiff objects to allegations/information contained in three documents filed in cause number C03-3667P but does not identify any "defaming, deleterious, salacious and scandalous" statements therein. The Court, having reviewed the documents, finds that they are either sealed from public access and/or make no mention of Ms. McDonald or her testimony. Other than vague, unsupported, and conclusory assertions that access to Ms. McDonald's deposition transcript would allow plaintiff to defend himself from unidentified falsehoods, plaintiff provides no reason why the March 1999 stipulation of the parties, to which plaintiff, through his then-counsel, agreed, should be overturned or modified in any way.

      4. In addition to the fact that plaintiff has not shown any reason to undo the March 1999 agreement, his recent conduct in this case suggests that disclosure of Ms. McDonald's testimony would, as originally feared, place the witness at risk of harassment and/or unwarranted violations of her privacy. In filing his papers with the Court, plaintiff apparently could not restrain himself from placing Ms. McDonald's personal and private information in the public court record, even though there was no need, and absolutely no justification, for such disclosures.[2] Even if plaintiff had supported his conclusory assertion that he needs access to Ms.

---

[2] By order dated February 11, 2005, the Court placed the offending documents under seal. In response, plaintiff filed a "Statement of Apology" in which he argues that defendants are also guilty of disclosing private information. Even if true, public disclosures of private information are unwarranted and dangerous in today's world and the Court expects parties to have some better justification for unacceptable behavior than "she did it first." In addition, the disclosures of which plaintiff complains were made under seal so that only the Court and the parties to this action have access.

ORDER DENYING PLAINTIFF'S
MOTION FOR ACCESS      -2-

McDonald's deposition transcript, the Court would not be inclined to provide such access with such a vivid example of abuse before it.

    4.  Plaintiff has asserted that his former counsel cannot or will not keep the existing copies of Ms. McDonald's transcript now that the representation has come to an end.  If these assertions are true, counsel shall file with the Court a declaration stating why he cannot retain materials related to this matter and shall deliver any and all such copies to defense counsel Helen Arntson at the Attorney General's Office, 900 Fourth Avenue Ste. 2000, Seattle, WA 98164.

    For all of the foregoing reasons, plaintiff's motion for access to Ms. McDonald's deposition is DENIED.

    DATED this 7th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik,
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR ACCESS    -3-